**COMP**
JARED B. ANDERSON, ESQ. (SBN: 9747)
NOAH A. DURAN, ESQ. (SBN: 15033)
**TANNER CHURCHILL ANDERSON**
4001 Meadows Lane
Las Vegas, Nevada 89107
Telephone: (702) 868-8888
Facsimile: (702) 868-8889
janderson@tcafirm.com
nduran@tcafirm.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTOR QUINTERO;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; CLAYTON MCDERMOTT, an individual; DOES I-X, and ROE ENTITIES I-X, inclusive;<br><br>　　　　　Defendants. | CASE NO.: |

**COMPLAINT**

COMES NOW, Plaintiff, VICTOR QUINTERO, by and through their attorneys, JARED ANDERSON, ESQ., and NOAH A. DURAN, ESQ., of TANNER CHURCHILL ANDERSON, and for their causes of action against Defendants, complains and alleges as follows:

**I.**

**JURISDICTION**

1.　The claims herein are brought against the U.S. pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346(b)(1), for personal injuries that were caused by the negligent and wrongful acts and omissions of agents and employees of the United States Government, while acting within the scope of their offices and employment, under circumstances where the

Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Nevada.

2. At all relevant times, the defendant, the United States of America, acted through its agency, the United States Department of the Interior, Bureau of Land Management.

3. On May 16, 2019, the Plaintiff submitted an Administrative Claim (#: TPB-20-0198) for the matters set forth below to the United States Department of the Interior.

4. In a letter dated April 22, 2020 the Department of the Interior issued a final denial of the Administrative Claim.

5. Plaintiff having exhausted their administrative remedies, all conditions precedent to a Federal Tort Claims Act have been met.

6. Venue is properly within this District under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Nevada and arose from the acts and omissions of federal employees of the Bureau of Land Management in Clark County, Nevada.

7. As to those claims asserted herein against the Defendant CLAYTON MCDERMOTT the Federal District Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

8. At all times relevant hereto, Plaintiff VICTOR QUINTERO (hereinafter referred to as "QUINTERO") was and is a resident of Clark County, Nevada.

9. Upon information and belief, at all times relevant hereto, Defendant CLAYTON MCDERMOTT (hereinafter referred to as "MCDERMOTT" or "Defendant") was and is a resident of Clark County, Nevada.

10. That the names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I-X and ROE ENTITIES I-X, inclusive, are unknown to Plaintiff at the time of the filing of this Complaint, who, therefore, sues said Defendants by such fictitious names. Plaintiff is

informed and believes and thereon alleges that each of the Defendants, including those designated herein as DOE and ROE ENTITIES are legally responsible for the injuries and damages to Plaintiff as herein alleged. At such time that Plaintiff determines the true identities of the DOE and ROE ENTITIES, Plaintiff will seek leave of this Court to amend this Complaint to set forth the proper names of those Defendants as well as asserting appropriate charging allegations.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including those designated herein as DOE and ROE ENTITIES are agents and/or employees of each other Defendant identified in this action and were acting in the course and scope of said agency or employment at the time of the subject crash.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

12. The subject motor vehicle crash occurred on December 20, 2018 at the intersection of Durango Drive and the IR 215 east ramp. Plaintiff QUINTERO was driving a Toyota Tundra and was complying with all traffic laws and ordinances. Defendant MCDERMOTT, acting in the course and scope of his employment with Defendant the UNITED STATES OF AMERICA, was driving directly behind Plaintiff in a Ford F-150, registered to the U.S. Government's Bureau of Land Management. Defendant MCDERMOTT negligently crashed his vehicle into the rear of the Plaintiff's vehicle.

13. That Defendant MCDERMOTT, acting in the course and scope of his employment with Defendant the UNITED STATES OF AMERICA, failed to use due care when he caused the subject crash by driving negligently, carelessly, dangerously, and recklessly.

14. That Defendant MCDERMOTT, acting in the course and scope of his employment with Defendant the UNITED STATES OF AMERICA, did fail to pay full attention while driving and therefore did negligently cause the subject crash.

15. That Defendant MCDERMOTT, acting in the course and scope of his employment with Defendant the UNITED STATES OF AMERICA, failed to comply with traffic laws requiring him to stop and yield the right of way to traffic ahead, and therefore did negligently cause the subject crash.

## IV.

## FIRST CLAIM FOR RELIEF

**(Negligence, Negligence Per Se against al Defendants)**

16. Plaintiff hereby repeats, re-alleges and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein verbatim.

17. That Defendants owed a duty of care to Plaintiff to operate their vehicle in a careful and prudent manner.

18. That Defendants breached their duty of care to Plaintiff by driving too fast for roadway conditions, failing to pay full attention while driving, failing to keep their vehicle under proper control and failing to yield the right of way in compliance with traffic. Additionally, Defendants failed to use due care when they caused the subject incident by driving carelessly, dangerously, and recklessly.

19. That at the time of the crash, Defendants acted in violation of applicable motor vehicle laws in driving too fast for roadway conditions, failing to pay full attention while driving, failing to keep their vehicle under proper control, and failing to yield the right of way in compliance with traffic.

20. That Defendants acted with conscious disregard for the health, safety, welfare, and life of the Plaintiff when they chose to violate traffic laws which are intended to prevent injury and death on the roadways, resulting in harm to the Plaintiff.

21. That as a direct and proximate cause of the negligence, carelessness and/or recklessness of Defendant, Plaintiff sustained great emotional distress and bodily trauma, all or some of which may be permanent and disabling in nature, all to their general and compensatory damage in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

22. That in addition, Plaintiff has been required to incur expenses for medical care, treatment and expenses incidental thereto, all to their damage in an amount presently unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapies, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial of this matter.

23. That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and they should be entitled to an award of reasonable attorney's fees and costs.

24. That as a direct and proximate result of the breach of duty by Defendant, Plaintiff has been prevented from attending to their usual occupation and, thereby, has a loss of earnings in the past and/or in the future in an amount to be determined and set forth at trial.

25. That as a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), and, in this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

26. Plaintiff has been required to engage the services of an attorney in these proceedings and has incurred attorney's fees that are a reasonable and foreseeable consequence, and a necessary and proximate result of the conduct alleged above and, therefore, Plaintiff is entitled to reimbursement from Defendant for those reasonable attorney fees and costs incurred herein as special damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be proven at the time of trial;

2. For wages lost in an amount to be proven at the time of trial;

3. For special damages in an amount in excess of $15,000.00;

4. For punitive damages;

5. For attorneys' fees and costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

Dated this 17th day of December 2020.

**TANNER CHURCHILL ANDERSON**

*[signature]*

JARED B. ANDERSON, ESQ.  (SBN: 9747)
NOAH A. DURAN, ESQ. (SBN: 15033)
4001 Meadows Lane
Las Vegas, NV 8917
*Attorneys for Plaintiff*