CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853
RACHEL KENT
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Rachel.Kent@usdoj.gov
*Attorneys for Respondents*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Victor Quintero,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>United States, Clayton McDermott, Does I-X, and Roes Entities 1-X,<br><br>　　　　Defendants. | Case No. 2:20-cv-02291-APG-VCF<br><br>**Unopposed Motion To Stay Discovery Pending Resolution of the United States' Motion to Dismiss (ECF No. 9)** |

## I.　　Introduction[1]

Defendant United States moves for an order staying discovery pending a ruling on its Motion to Dismiss Plaintiff's Complaint, (ECF No. 1), as the issues raised by Defendant's motion are threshold issues to be determined by the Court. As such, the motion should be resolved before the parties engage in discovery.

---

[1] This motion is timely as a pending dispositive motion has been filed by the United States. Plaintiff does not oppose this motion.

## II.     Factual and Procedural Background

Plaintiff filed this action on December 17, 2020. ECF No. 1. On March 1, 2021, Defendant United States moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. The parties are required to produce a discovery plan by April 15, 2021. *Id.*

## III.    Memorandum of Points and Authorities

The United States requests that this Court stay any discovery requirements pending the resolution of its pending motion to dismiss. Requiring it to undertake discovery including initial disclosures while a dispositive motion is pending creates significant, unnecessary work and expense where, as here, the pending motion can be disposed of with no discovery occurring.

"Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel." *Stern* v. *United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) (citations omitted). "The trial court's decision to allow or deny discovery is reviewable only for abuse of discretion." *Rae* v. *Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (citations omitted). When deciding whether to grant a stay of discovery pending the decision of a dispositive motion, the courts in the District of Nevada apply a two-step analysis. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue on which discovery is sought. *Ministerio Roca Solida* v. *United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504, 506 (D. Nev. 2013). Second, a court must determine whether the pending dispositive motion can be decided absent additional discovery. *Id.* To make this determination, the court must take a "preliminary peek" at the merits of the pending motion to assess whether

a stay is warranted. *Hafterlaw, LLC* v. *Pal*, 2014 WL 12585779, at *1 (D. Nev. Jan. 10, 2014) (citations omitted).

Defendant's Motion to Dismiss demonstrably satisfies both criteria. First, the Complaint as written presents a claim that is time-barred on its face. Plaintiff filed his administrative claim for damages pursuant to the Federal Tort Claims Act with the Department of the Interior on May 16, 2019. Compl. ¶ 3. On April 22, 2020, the Department denied it. Compl. ¶ 4. The instant complaint was filed on December 17, 2020, seven months and twenty-five days later, well beyond the six-month deadline set forth in the Tort Claims Act. ECF No. 1; *United States* v. *Kwai Fun Wong*, 575 U.S. 402, 410 (2015). Secondly, Defendant has properly pleaded this action under Rule 12(b)(6), which only requires the Court to look to the face of the Complaint to determine whether the cause of action is time barred. *Von Saher* v. *Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)( "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations ... when 'the running of the statute is apparent on the face of the complaint.'")(Citation omitted).

The district's two-step analysis for staying discovery has been met. Defendant respectfully requests a stay of discovery until the Court rules on the Motion to Dismiss Plaintiff's Complaint (ECF No. 1). *Cf. Silver* v. *Wolfson*, 2019 WL 1876796, at *3 (D. Nev. Apr. 26, 2019) (staying discovery when preliminary peek at motion to dismiss on basis of judicial immunity was appropriate in furtherance of Fed. R. Civ. P. 1).

## IV.    Conclusion

The United States' pending dispositive motion to dismiss can be decided without discovery. Staying this matter until that motion is decided is both efficient and appropriate in light of the burden imposed of commencing discovery where the United States is likely to be

dismissed from this action. The United States respectfully requests that the Court impose a stay of discovery.

Respectfully submitted this 4th day of March, 2021.

NICHOLAS A. TRUTANICH
United States Attorney

 s/ Rachel Kent
RACHEL KENT
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Victor Quintero,<br><br>      Plaintiff,<br><br>v.<br><br>United States, Clayton McDermott, Does I-X, and Roes Entities 1-X,<br><br>      Defendants. | Case No. 2:20-cv-02291-APG-VCF<br><br>**Order Granting Unopposed Motion To Stay Discovery Pending Resolution of the United States' Motion to Dismiss (ECF No. 9)** |

    Based on Defendant the United States' motion, and the Plaintiff not opposing it, the Court finds that discovery in this matter should be stayed until the Defendant's pending motion to dismiss (ECF No. 9) has been ruled on by this Court.

    IT IS THEREFORE ORDERED that discovery shall be stayed in this case pending the Court's ruling on Defendant the United States' motion to dismiss.

    DATED this 8th day of March, 2021.

_____
The Honorable Cam Ferenbach
United States Magistrate Judge