UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR QUINTERO,<br><br>        Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA and CLAYTON MCDERMOTT,<br><br>        Defendants | Case No.: 2:20-cv-02291-APG-VCF<br><br>**Order Granting Defendants' Motion to Dismiss**<br><br>[ECF No. 9] |

Victor Quintero was hurt in a collision with a car driven by a federal employee. Quintero submitted an administrative claim for damages under the Federal Tort Claims Act (FTCA). The Department of the Interior denied Quintero's claim so he filed this lawsuit on December 17, 2020, eight weeks after the limitation period for his FTCA claim expired. The defendants move to dismiss the complaint, arguing it is time-barred. Quintero argues the limitation period should be equitably tolled due to the COVID pandemic. I grant the defendants' motion to dismiss because Quintero's complaint is untimely and he has not demonstrated he is entitled to equitable tolling.

**Procedural History**

On December 20, 2018, Quintero was hurt in a car accident involving a vehicle registered to the United States Bureau of Land Management. ECF No. 1 at 3. On May 16, 2019, Quintero submitted an administrative claim under the FTCA to the U.S. Department of the Interior. *Id.* at 2. The Department of the Interior denied Quintero's claim on April 22, 2020. *Id.* Nearly five months later, on September 15, 2020, Quintero retained new counsel. ECF No. 15 at 17. He filed his complaint in this case on December 17, 2020. ECF No. 1.

**Defendants' Motion to Dismiss**

The defendants argue Quintero's complaint should be dismissed because it was not timely filed. They also argue the limitation period should not be equitably tolled because Quintero's change in counsel more than a month before the deadline to file his FTCA complaint does not constitute an extraordinary circumstance justifying tolling.

Quintero responds that the timeline of receiving his final denial on April 22, retaining new counsel on September 15, and filing his claim on December 17 demonstrates he pursued his claim diligently. He explains that his delay in retaining new counsel was "due in part to the COVID pandemic," which made it more difficult to meet and sign a retainer with his new counsel. ECF No. 15 at 4. Thus, he argues equitable tolling applies.

I may dismiss claims under Federal Rule of Civil Procedure 12(b)(6) as time barred "if the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). As relevant here, Quintero's FTCA claim is subject to a six-month limitation period. 28 U.S.C. § 2401(b). This six-month period began to run after the Department of the Interior mailed Quintero notice of its final denial of his claim on April 22, 2020. *Id.* The limitation period on Quintero's FTCA claim therefore expired on October 22, 2020, and Quintero's complaint filed after that date is untimely.

Equitable tolling is "available in extreme cases" and "has been applied sparingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992). Litigants seeking equitable tolling must establish "(1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way." *Credit Suisse Securities (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quotation and emphasis omitted).

It is possible the COVID pandemic made the process of retaining an attorney more difficult for Quintero. But he does not explain how the pandemic accounted for the five-month delay in retaining new counsel, or why he needed new counsel at all. Quintero did not, for example, state that he or anyone in his family or care was ill from COVID during this time. He also does not explain what caused the other "part" of his delay. Further, Quintero retained counsel 37 days before the limitation period expired, yet he does not explain why his complaint was not filed during that time. He thus failed to demonstrate that he pursued his claim diligently.[1]

In support of his argument that the COVID pandemic constitutes extraordinary circumstances, Quintero notes that Governor Sisolak's March 13, 2020 state of emergency declaration tolled "[a]ny specific time limit set by state statute or regulation . . . ." ECF No. 15 at 4 (quotation omitted). Quintero argues this order tolled the limitation period on his FTCA claim. The defendants reply that Governor Sisolak's order does not have any impact on actions filed under the FTCA.

Governor Sisolak's declaration does not assist Quintero because Quintero's federal FTCA claim is governed by its federal statute of limitations. *See Booth v. United States*, 914 F.3d 1199, 1204-05 (9th Cir. 2019) (rejecting state tolling rule and applying the limitation period found in 28 U.S.C. § 2401(b) to FTCA claim). Governor Sisolak's declaration regarding state statutes of limitation has no impact on Quintero's federal claim. *See generally DelCostello v.*

---

[1] Quintero states that he should be entitled to six months starting from the time he retained his new counsel to pursue his claims. Quintero cites no authority for granting this relief and I am not aware of any. Doing so would conflict with the plain language of 28 U.S.C. § 2401(b), which states that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."

*Int'l Bhd. of Teamsters*, 462 U.S. 151, 159 n.13 (1983) (referring to *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 701 (1966) for the proposition that "the choice of a limitations period for a federal cause of action is itself a question of federal law.").

While the COVID pandemic has certainly impacted our daily lives, courts have routinely found that the pandemic alone does not justify equitable tolling "absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit." *Willard v. Industrial Air, Inc.*, No. 1:20-cv-00823, 2021 WL 309116 at *4 (M.D.N.C. Jan. 29, 2021) (collecting cases). Based on the facts presented in the moving papers, Quintero has not offered sufficient justification to grant equitable tolling.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 9) is GRANTED.** The clerk of court is instructed to enter judgment in favor of the defendants and against the plaintiff, Victor Quintero, and to close this case.

DATED this 8th day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE